## W. H. CUMMINGS *vs.* T. J. McCROSSON.

### APPEAL FROM DECISION OF McCULLY, J.

### APRIL TERM, 1885.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

A bill to set aside a sale of shares of stock, alleged to have been made under fear and duress, dismissed; the evidence in support of the bill being extremely improbable.

Decree affirmed.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is a bill in equity to declare null and void an alleged sale

to plaintiff of 50 shares of stock in the Reciprocity Sugar Company and also plaintiff's promissory note for $6,000, their purchase money.

The bill alleges that on the 13th of last January, the defendant, the engineer of the plantation, while alone in the office of the plantation with the plaintiff, the manager of the plantation, insisted that the plaintiff should buy 50 shares of the capital stock of the company, then held by defendant, for the sum of $6,000. That plaintiff declined to purchase, whereupon defendant drew a revolver from his pocket and pointed it at plaintiff and threatened to shoot him unless he gave defendant his promissory note for $6,000, and plaintiff then fearing and believing that defendant would carry his threat to shoot into execution, and while the revolver was so pointed at him the plaintiff did, under fear and duress, make out, sign and deliver to defendant a promissory note for $6,000, payable in thirty days, and defendant delivered a paper writing to the effect that he had sold to plaintiff 50 shares of Reciprocity Sugar Company stock for the sum of $6,000, but did not deliver the stock.

Upon a full examination of the testimony taken we are of the opinion that the averments of the bill are not sustained.

The story is extremely improbable that plaintiff, who admits that he himself wrote out this note and this bill of sale, was kept under the fear of his life at the point of a pistol, which was kept leveled at him during the whole interview by defendant, even when defendant signed the bill of sale.

The conduct of Mr. Sheldon, the plaintiff's corroborating witness, as detailed by himself, is so unlike the way ordinary men would act on hearing that a friend's life was being threatened as to make us discredit his testimony. The subsequent friendly manner toward each other of plaintiff and defendant for some days after this transaction is also strong proof that the story in the bill is a fabrication.

We think the Vice-Chancellor was right in dismissing the bill. Decree sustained.

*E. Preston*, for plaintiff.

*A. S. Hartwell*, for defendant.

Honolulu, April 16, 1885.